316 So.2d 624 (1975)
Walter Scott McDOUGALL, Appellant,
v.
STATE of Florida, Appellee.
No. 74-1223.
District Court of Appeal of Florida, Fourth District.
July 11, 1975.
Rehearing Denied August 13, 1975.
Ralph V. Hadley, III, of Davids, Decker, Henson & Hadley, Winter Park, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and C. Marie Bernard, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
Appellant was charged in three counts with possession of three different controlled substances. He moved to suppress all tangible evidence which had been seized under authority of a search warrant. When the court entered an order denying the motion to suppress, appellant pleaded nolo contendere to one count and reserved the right to attack that order. The sole point with which we are concerned is the propriety of the order denying the motion to suppress.
At approximately 11:00 p.m., several police officers responded to a call to investigate a possible burglary in progress at a duplex on Pasadena Avenue in the city of Longwood, Florida. The premises were designated as 680 Pasadena Avenue. The officers arrived and proceeded to check the doors and windows in the side of the duplex bearing the 680 address. Finding nothing untoward, they proceeded to check the windows and doors in the other side of the duplex designated as 674 Pasadena Avenue. Upon observing what appeared to be contraband on the kitchen table in that side of the duplex, the search warrant in question was obtained. The affidavit for *625 the search warrant reads in material part as follows:
"... your affiant Sergeant Ling an officer with Longwood Police Department of Seminole County, Florida was called to a Duplex on a call for a burglary in progress by Elizebeth White of 680 Pasadena Ave. Upon examination of premises at 674 Pasadena Ave. your Affaint determined during routine investigation that the front and rear door was secured. there was music coming from the premises, your affaint further attempted to determine that all windows of the premisses were secured and not broken. Upon examining the windows to determine that the property was secured your affaint noted the music comming from the premises had stoped, then in a matter of approximately four minets the music began again, where upon your affaint shined a flashlight through the southwest window and observed one glass pipe approximately teninches long, and multi colored which your affiant from prior experience noticed to be utilized to consume cannibas sativa, and your affiant also saw on the same table one wood pipe with a brass bowl which your affaint also knows to be used for consuming canabas sativa also on the same table your affaint noticed a plastic bag containing a powdery off white substance which your affaint from previously experienced recognized it to be Cocain. The bag containing the Cocain was approximately five inches long and was rolled up with a rubber band around it, and was approximately one inch in diamenter. The window from which the substance was viewed was a window covered with a cafe type half drape yellow in color, the fore going observations were madeof the two pipes and the bag of white powder from a distance of approximately five feet from where the objects sat on the table.
"Your affaint has been a Law Enforcement Officer for two and one half years and has made numerous arrest for controlled substance paraphenalia relating to cannis sativa. Your affaint has previous to this date observed Cocain on six occaisions. Your affaint is certified as a Law Enforcement Official and has been so certified for two years. Your affaint has smoked a tobacco pipe for three years and knows that a glass pipe is not a desirable type pipe for smoaking tobacco. Your affaint has received training in Narcotic Detection and identification from the Seminole Junior College basic recruit training class and on the job lectures given by Sergeant Pleicones who is a graduate of a school conducted for state law enforcement officials by the Federal Bureau of Narcotics and dangerous Drugs." (Sic.)
At the suppression hearing the officer who signed the affidavit testified that when he looked in the window he observed two pipes and that such pipes when sold at a store were not considered narcotics paraphernalia. He saw a plastic bag with a dark colored substance in it but did not observe any plastic bag with a white substance in it. However, he did see a white powdery substance on the table, and from his observations he concluded that the items were narcotics and narcotics paraphernalia.
Obviously there are some differences between the statements contained in the affidavit and the affiant's testimony. However, it does not appear to us that the differences are fatal to the question of probable cause. Under the circumstances set forth in the affidavit, it seems to us the officers had the right to be where they were and to be doing what they were doing. The court therefore acted properly in issuing the search warrant and in denying appellant's motion to suppress.
Appellant relies heavily upon Brock v. United States, 223 F.2d 681 (5th Cir.1955), and Texas v. Gonzales, 388 F.2d 145 (5th Cir.1968), as cases which support the proposition that "standing upon a man's *626 premises and peering in his window constitute[s] a search... ." 388 F.2d at 147; 223 F.2d at 685. Appellant further quotes the following headnote from the Gonzales case:
"Officer's conduct in looking through window was an illegal search where officer did not have probable cause to believe that narcotics were in house, and information acquired by police by means of looking into window could not be used to justify search of apartment in which narcotics were found... ."
We would distinguish those cases on the basis that there the law enforcement officers had no right to be on the premises in the first instance; thus, they had no right to peer into the houses involved since such conduct was unreasonable under the circumstances. But here we are dealing with a burglary investigation at a duplex, which is one building with two apartments side by side. It would be shoddy police procedure to investigate the apartment at one half of the duplex in the middle of the night for a possible burglary and then totally ignore the apartment at the other half. Accordingly, we conclude that it was reasonable for the officers to be on the premises investigating the windows of appellant's apartment. What they thereupon saw in plain view on the kitchen table gave the officers sufficient grounds to apply for and obtain the search warrant.
For the foregoing reasons we believe the trial judge was correct in denying the motion to suppress. Accordingly, the judgment of conviction entered pursuant to appellant's nolo contendere plea is affirmed.
Affirmed.
WALDEN, J., concurs.
OWEN, C.J., dissents, with opinion.
OWEN, Chief Judge (dissenting).
In my judgment the court erred in denying appellant's motion to suppress the tangible evidence seized by the officers' executing a search warrant on appellant's residence.
The affidavit for the search warrant, executed by Sergeant Ling, is set forth in the majority opinion. I would agree that on the basis of the facts set forth in the affidavit, it was proper to issue the search warrant. However, at the hearing on the motion to suppress, facts were developed which, in my judgment, clearly established the illegality of the search warrant thus requiring suppression of the evidence. I base my view on two separate and distinct grounds, either of which would be sufficient by itself.
In the first place, facts developed at the hearing established that the basis of the probable cause set forth in the affidavit, i.e., observation of controlled substances and paraphernalia, was secured through an unlawful intrusion into appellant's premises and right of privacy. From the affidavit it would appear that Sergeant Ling simply looked into the kitchen window of appellant's residence while he was in the course of a routine investigation in response to a report of a burglary in progress at the other part of the duplex. At the hearing testimony established that (1) he had already determined that all doors and windows at the premises were secured and unbroken, (2) the kitchen window through which he peered into appellant's residence was above eye level, (3) in order for him to look into the window it was necessary that he first secure and then stand upon a kitchen chair (his partner testified that it was a large box), and finally (4) only by shining his flashlight through the window (rather than checking the window lock or the window pane) was he able to view the objects on the kitchen table. In would classify this as an unwarranted and unlawful intrusion into appellant's premises and right of privacy of the rankest sort. If it is an unlawful intrusion into appellant's premises, as I suggest it is, any probable cause thereby obtained may not be used as the basis *627 for obtaining a search warrant. Brock v. United States, 223 F.2d 681 (5th Cir.1955); State of Texas v. Gonzales, 388 F.2d 145 (5th Cir.1968).
In the second place, the affidavit for search warrant (the only basis upon which the warrant was issued) contained several erroneous factual statements material to the establishment of probable cause. Although the affidavit stated that affiant "noticed a plastic bag containing a powdery off-white substance which your affiant from previous experience recognized to be cocain (sic)" which observation was made "from a distance of approximately five feet", the facts developed at the hearing on the motion to suppress were materially different. Sergeant Ling testified that (1) he did not observe a plastic bag containing a powdery off-white substance, but did see a white powdery substance present on a mirror which was on the kitchen table with a razor blade lying beside it, (2) his point of observation was fifteen to twenty feet away from these items, and (3) he believed that the white powdery substance on the mirror was "in fact being cut [by the razor blade]" which suggested to him that "it was some type of narcotics". The state chemist testified that the white powdery substance was not cocaine, and that one viewing the substance in a plastic bag through a window at night with a flashlight and at a distance of five feet or more could not differentiate between cocaine and a similar appearing substance such as confectionery sugar. The factual statement in the affidavit to the effect that affiant recognized the white powdery substance as cocaine was material to the establishment of probable cause. That statement, going to the very heart of the matter, and being clearly erroneous, rendered the warrant invalid. United States v. Thomas, 489 F.2d 664 (5th Cir.1973); United States v. Upshaw, 448 F.2d 1218 (5th Cir.1971).
In my opinion the court erred in denying the motion to suppress.